**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Todd Baker, ) | Cr. No. 5:10-665-MBS |
| Movant, ) | |
| vs. ) | **ORDER AND OPINION** |
| United States of America, ) | |
| Respondent. ) | |

Todd Latrell Baker ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, filed July 18, 2012, Movant asserts three grounds for relief:

> **Ground one**: Ineffective assistance of counsel for failing to communicate the Government's initial plea offer to Movant.
> **Ground two**: Ineffective assistance of counsel for failing to maintain the objection to the gun enhancement and criminal history calculation at sentencing.
> **Ground three**: Ineffective assistance of counsel for misadvising Movant that he had no meritorious grounds for appeal and that if he appealed the court would take back the previously granted adjustment for acceptance of responsibility.

ECF No. 537. On October 24, 2012, the Government filed a response and a motion for summary judgment. ECF Nos. 562 & 563. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on October 24, 2012, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 564. Movant filed a reply to the Government's response on November 29, 2012. ECF No. 568. On April 30, 2015, the Court issued an order denying Movant's § 2255 motion with respect to Ground Two. ECF No. 644. The court ordered an evidentiary hearing on Ground One and Ground Three to resolve issues of credibility. ECF No. 644. The court held an evidentiary hearing on July 13, 2015. ECF No. 657.

1

At the close of the hearing, the court denied the remaining grounds of Movant's § 2255 motion. ECF No. 658. This order formalizes the rulings made by the court at the close of the July 13 hearing.

**Ground One–Ineffective Assistance for Failing to Communicate Plea Offer**

Movant asserts that counsel was ineffective for failing to communicate the Government's first formal plea offer. As a general rule, trial counsel's failure to "communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused" constitutes deficient performance. *Missouri v. Frye*, 132 S.Ct. 1399, 1408-09 (2012). In order to show prejudice from the deficient performance, a defendant must demonstrate a reasonable probability that he would have accepted the plea offer and that the "end result of the criminal process would have been more favorable." *Id.* Here, the first plea offer included a provision that the Government would move for a sentence reduction pursuant to U.S.S.G. § 5K1.1 or Rule 35(b) of the Federal Rules of Criminal Procedure if Movant's cooperation rose to the level of substantial assistance. ECF No. 562-1 at 17 ¶11.

After hearing witness testimony from Movant's trial counsel, Jeffrey Bloom, and from Movant himself, the court determined that Movant's trial counsel was credible and that he had communicated the initial plea offer to Movant. Furthermore, Movant repeatedly indicated on the record that he had no desire to cooperate with the Government from the outset of this case, and that he informed his trial counsel as such. Thus, Movant could not demonstrate prejudice because he would not have received the potential reduction in sentence of the Government's initial offer without cooperating with the Government's investigation. Therefore, the court concluded that Movant could not demonstrate that trial counsel was ineffective in failing to communicate the Government's initial plea offer.

**Ground Three–Ineffective Assistance of Counsel for Failing to File Requested Appeal**

Movant claims that counsel provided ineffective assistance of counsel when counsel misadvised him on his appellate rights. Trial counsel's failure to file an appeal when requested constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *United States v. Peak*, 992 F.2d 39, 41 (4th Cir. 1993). Even if defendant does not clearly instruct counsel to file an appeal, counsel is still required to consult with the defendant about the advantages and disadvantages of taking an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). In order to succeed on an ineffective assistance of counsel claim for failing to note an appeal, a movant must show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Movant testified that counsel consulted with him regarding his appellate rights and informed him that he had no meritorious grounds for appeal. Movant claims that he asked his trial counsel to file an appeal in spite of his advice. Trial counsel testified that Movant agreed to waive his appellate rights after trial counsel explained that Movant had no meritorious issues to appeal and that Movant could lose his two point reduction for acceptance of responsibility. The court determined that trial counsel's testimony was credible, and that Movant did waive his appellate rights. Thus, Movant failed to demonstrate that his counsel was ineffective in failing to file an appeal.

In accordance with the foregoing and in conformity with the ruling made by the court at the July 13 hearing, Movant's §2255 motion, ECF No. 537, is **DENIED** and the Government's motion for summary judgment, ECF No. 563, is **GRANTED**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

3

that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
July 23, 2015